**Darryl Lee GOLDSTEIN, Plaintiff–Appellant,**

v.

**PAUGH; et al., Defendants–Appellees.**

No. 06–16894.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 11, 2008.

Darryl Lee Goldstein, San Quentin, CA, pro se.

Dan Kahn Siegel, Jorgenson Siegel McClure & Flegel, LLP, Menlo Park, CA, for Paugh, Officer Menlo Park Police Dept., Raggio, Officer, Menlo Park Police Department, Rothaus, Commander Menlo Park Police Department, Menlo Park Police Department and City of Menlo Park.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Darryl Lee Goldstein appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants interfered with his medical treatment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the district court's grant of summary judgment and its decision on qualified immunity, *Long v. City and County of Honolulu,* 511 F.3d 901, 905–06 (9th Cir. 2007), and we affirm.

The district court properly determined that Officers Paugh and Raggio were entitled to qualified immunity because, viewed in the light most favorable to Goldstein, the facts alleged do not establish how the officers delayed or interfered with Goldstein's receipt of medical treatment or how any delay caused him any actual injury. *See Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir.2006) (discussing Eighth Amendment deliberate indifference standard); *see also Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir.1998) (applying standard for prisoners under Eighth Amendment to claim of deliberate indifference by pretrial detainee under Fourteenth Amendment); *see also Long,* 511 F.3d at 905–06 (explaining the qualified immunity standard).

The district court properly granted summary judgment to the City of Menlo Park because it could not be held liable for failing to adequately train officers where there was no underlying constitutional violation. *See id.* at 907; *Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir.1994) (holding that municipal defendants could not be held liable under section 1983 for failing to ade-

quately train officers who had not violated plaintiff's constitutional rights).

The district court did not abuse its discretion by denying Goldstein's third request for an extension of time to file his opposition to summary judgment, after previously cautioning him that no further extensions would be granted absent extraordinary circumstances. *See Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 961 (9th Cir.2001) (explaining that district court's decision regarding a continuance will be overturned only upon a showing of clear abuse of discretion).

Goldstein's remaining contentions are unpersuasive.

Appellees' motion for judicial notice is denied as moot.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.